**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHARGE FUSION TECHNOLOGIES, LLC,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 1:22-cv-00488-LY** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **TESLA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**DEFENDANT TESLA, INC.'S ANSWER TO CHARGE FUSION'S**
**COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Tesla, Inc. ("Tesla") hereby responds to Plaintiff Charge Fusion Technologies, LLC's ("Charge Fusion's") Complaint for Patent Infringement ("Complaint").

## I.    NATURE OF THE ACTION

1.    Paragraph 1 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 1, and specifically denies that it has committed any acts of infringement.

2.    Paragraph 2 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 2, and specifically denies that it has committed any acts of infringement.

3.    Paragraph 3 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 3, and specifically denies that it has committed any acts of infringement.

## II.   PARTIES

4.      On information and belief, Tesla admits that Charge Fusion alleges that its principal place of business is in Ridgefield, Connecticut and that Charge Fusion is listed as a Connecticut corporation.  Except as specifically admitted, Tesla denies the allegations in Paragraph 4, including for the reason that Tesla lacks sufficient information to form a belief as to the truth of certain allegations in Paragraph 4.

5.      Tesla admits that the Asserted Patents list Charge Fusion as an assignee on the face of the patent.   Except as specifically admitted, Tesla denies the allegations of Paragraph 5, including for the reason that Tesla lacks sufficient information to form a belief as to the truth of certain allegations in Paragraph 5.

6.      Tesla admits that it is a corporation organized under the laws of the State of Delaware and it can be served through its registered agent in the State of Texas, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.  Except as specifically admitted, Tesla denies the allegations of Paragraph 6.

## III.   JURSIDICTION AND VENUE

7.      Paragraph 7 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla admits the allegations of Paragraph 7.

8.      Paragraph 8 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla admits that the Court has subject matter jurisdiction.  Except as specifically admitted, Tesla denies the allegations of Paragraph 8.

9.      Paragraph 9 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 9.

10.      Paragraph 10 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 10 of the Complaint purport to characterize the contents of a

written document, that document speaks for itself. To the extent a response is required, Tesla admits to creating the Model Y car. Tesla further admits to the construction of a manufacturing facility on U.S. Route 79. Tesla further admits that it announced that it is moving its U.S. Headquarters to Austin, TX. Except as specifically admitted, Tesla denies the allegations of Paragraph 10.

## IV.   FACTS COMMON TO ALL COUNTS

11.    Tesla repeats and reasserts its responses set forth in the above paragraphs as if fully set forth herein.

12.    Tesla denies the allegations of Paragraph 12, including for the reason that Tesla lacks sufficient information to form a belief as to the truth of certain allegations in Paragraph 12.

13.    Tesla denies the allegations of Paragraph 13, including for the reason that Tesla lacks sufficient information to form a belief as to the truth of certain allegations in Paragraph 13.

14.    Tesla denies the allegations of Paragraph 14, including for the reason that Tesla lacks sufficient information to form a belief as to the truth of certain allegations in Paragraph 14.

15.    Tesla denies the allegations of Paragraph 15, including for the reason that Tesla lacks sufficient information to form a belief as to the truth of certain allegations in Paragraph 15.

16.    Tesla denies the allegations of Paragraph 16, including for the reason that Tesla lacks sufficient information to form a belief as to the truth of certain allegations in Paragraph 16.

17.    Tesla denies the allegations of Paragraph 17, including for the reason that Tesla lacks sufficient information to form a belief as to the truth of certain allegations in Paragraph 17.

18.    Tesla denies the allegations of Paragraph 18, including for the reason that Tesla lacks sufficient information to form a belief as to the truth of certain allegations in Paragraph 18.

19.    Tesla denies the allegations of Paragraph 19, including for the reason that Tesla lacks sufficient information to form a belief as to the truth of certain allegations in Paragraph 19.

20.    Tesla denies the allegations of Paragraph 20, including for the reason that Tesla lacks sufficient information to form a belief as to the truth of certain allegations in Paragraph 20.

### Charge Fusions' Patents & Applications

21.    Tesla admits the application US 2010/0017249 A1 was first published on January 21, 2010.  Tesla denies the remaining allegations of Paragraph 21, including for the reason that Tesla lacks sufficient information to form a belief as to the truth of certain allegations in Paragraph 21.

22.    Tesla denies the allegations of Paragraph 22, including for the reason that Tesla lacks sufficient information to form a belief as to the truth of certain allegations in Paragraph 22.

23.    Tesla admits that Kurt Kelty was previously employed at Tesla and Scott Kohn is currently employed at Tesla.  Tesla denies the remaining allegations of Paragraph 23.

24.    Tesla denies the allegations of Paragraph 24.

### IV.    COUNTS OF PATENT INFRINGEMENT

25.    Tesla admits that United States Patent No. 9,853,488 (the "'488 Patent") is attached to the Complaint as Exhibit A; United States Patent No. 10,819,135 (the "'135 Patent") is attached to the Complaint as Exhibit B; and United States Patent No. 10,998,753 (the "'753 Patent") is attached to the Complaint as Exhibit C.  Tesla denies the remaining allegations of Paragraph 25, and specifically denies that it has committed any acts of infringement.

### COUNT ONE: INFRINGEMENT OF U.S. PATENT 9,853,488

26.    Tesla repeats and reasserts its responses set forth in the above paragraphs as if fully set forth herein.

27.    Tesla admits that the '488 Patent was filed on July 13, 2009, and claims priority to a provisional application filed on July 11, 2008, and issued on December 26, 2017.  Tesla otherwise denies the remaining allegations of Paragraph 27.

28.     Tesla admits that the '488 Patent lists Charge Fusion as an assignee.   Tesla otherwise denies the remaining allegations of Paragraph 28, and specifically denies that it has committed any acts of infringement and that Charge Fusion is entitled to any damages or relief.

## Technical Description

29.     Tesla admits the '488 Patent states that "[i]mprovements in battery technology provide the potential of economically viable electric-powered modes of transportation including, but not limited to, automobiles, motorcycles, buses, etc."   Tesla further admits the '488 Patent states that "[o]ne oft cited drawback of such electrical vehicles is the need to plug them in regularly to replenish their electrical charge."   Tesla otherwise denies the remaining allegations of Paragraph 29.

30.     Tesla admits the '488 Patent states "[a]s a result, the owner of an electrical automobile must often times adhere to a schedule of charging that renders the automobile unusable for protracted stretches of time.   In addition, there exists a resistance to performing the act of plugging in an automobile and subsequently unplugging the vehicle in order to maintain a charged vehicle."   Tesla otherwise denies the remaining allegations of Paragraph 30.

31.     Tesla denies the allegations of Paragraph 31, including for the reason that Tesla lacks sufficient information to form a belief as to the truth of certain allegations in Paragraph 31.

## Direct Infringement

32.     Paragraph 32 contains legal conclusions for which no response is required.   To the extent a response is required, Tesla denies the allegations of Paragraph 32, and specifically denies that it has committed any acts of infringement.

33.     Paragraph 33 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 33, and specifically denies that it has committed any acts of infringement.

34.     Paragraph 34 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 34, and specifically denies that it has committed any acts of infringement.

35.     Paragraph 35 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 35, and specifically denies that it has committed any acts of infringement.

36.     Paragraph 36 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 36 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 36, and specifically denies that it has committed any acts of infringement.

37.     Paragraph 37 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 37 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 37, and specifically denies that it has committed any acts of infringement.

38.     Paragraph 38 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 38 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  To the extent a response is required, Tesla

denies the allegations of Paragraph 38, and specifically denies that it has committed any acts of infringement.

39.     Paragraph 39 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 39 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 39, and specifically denies that it has committed any acts of infringement.

40.     Paragraph 40 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 40 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 40, and specifically denies that it has committed any acts of infringement.

41.     Paragraph 41 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 41 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 41, and specifically denies that it has committed any acts of infringement.

42.     Paragraph 42 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 42 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 42, and specifically denies that it has committed any acts of infringement.

43.     Paragraph 43 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 43 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 43, and specifically denies that it has committed any acts of infringement.

44.     Paragraph 44 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 44 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 44, and specifically denies that it has committed any acts of infringement.

### Indirect, Induced, and Contributory Infringement

45.     Paragraph 45 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 45, and specifically denies that it has committed any acts of infringement.

46.     Paragraph 46 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 46, and specifically denies that it has committed any acts of infringement.

47.     Paragraph 47 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 47, and specifically denies that it has committed any acts of infringement.

48.     Paragraph 48 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 48, and specifically denies that it has committed any acts of infringement.

49.     Paragraph 49 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 49, and specifically denies that it has committed any acts of infringement.

50.     Paragraph 50 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 50, and specifically denies that it has committed any acts of infringement or that Charge Fusion is entitled to any relief or damages.

### COUNT TWO: INFRINGEMENT OF U.S. PATENT 10,819,135

51.     Tesla repeats and reasserts its responses set forth in the above paragraphs as if fully set forth herein.

52.     Tesla admits that the '135 Patent was filed on December 20, 2017, and claims priority to a provisional application filed on July 11, 2008, and issued on October 27, 2020.  Tesla otherwise denies the remaining allegations of Paragraph 52.

53.     Tesla admits that the '135 Patent lists Charge Fusion as an assignee.  Except as specifically admitted, Tesla denies the allegations of Paragraph 53, including for the reason that Tesla lacks sufficient information to form a belief as to the truth of certain allegations in Paragraph 53.

54.     Tesla admits that the Abstract of the '135 Patent states, "Systems and methods for charging electric vehicles and for quantitative and qualitative load balancing of electrical demand are provided."  Except as specifically admitted, Tesla denies the allegations of Paragraph 54.

55.     To the extent the allegations of Paragraph 55 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  Except as specifically admitted, Tesla denies the allegations of Paragraph 55.

**Direct Infringement**

56.     Paragraph 56 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 56, and specifically denies that it has committed any acts of infringement.

57.     Paragraph 57 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 57, and specifically denies that it has committed any acts of infringement.

58.     Paragraph 58 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 58, and specifically denies that it has committed any acts of infringement.

59.     Paragraph 59 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 59, and specifically denies that it has committed any acts of infringement.

60.     Paragraph 60 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 60, and specifically denies that it has committed any acts of infringement.

61.     Paragraph 61 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 61, and specifically denies that it has committed any acts of infringement.

62.     Paragraph 62 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 62, and specifically denies that it has committed any acts of infringement.

63.     Paragraph 63 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 63 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 63, and specifically denies that it has committed any acts of infringement.

64.     Paragraph 64 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 64 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 64, and specifically denies that it has committed any acts of infringement.

65.     Paragraph 65 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 65 of the Complaint purport to characterize the contents of a document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 65, and specifically denies that it has committed any acts of infringement.

66.     Paragraph 66 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 66 of the Complaint purport to characterize the contents of a document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 66, and specifically denies that it has committed any acts of infringement.

67.     Paragraph 67 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 67 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 67, and specifically denies that it has committed any acts of infringement.

## COUNT THREE: INFRINGEMENT OF U.S. PATENT 10,998,753

68.    Tesla repeats and reasserts its responses set forth in the above paragraphs as if fully set forth herein.

69.    Tesla admits that the '753 Patent was filed on September 4, 2020, and claims priority to a provisional application filed on July 11, 2008, and issued on May 4, 2021.  Tesla otherwise denies the remaining allegations of Paragraph 69.

70.    Tesla admits that the '753 Patent lists Charge Fusion as an assignee.  Except as specifically admitted, Tesla denies the allegations of Paragraph 70, including for the reason that Tesla lacks sufficient information to form a belief as to the truth of certain allegations in Paragraph 70.

### Technical Description

71.    Tesla admits that the Abstract of the '753 Patent states, "Systems and methods for charging electric vehicles and for quantitative and qualitative load balancing of electrical demand are provided."  Except as specifically admitted, Tesla denies the allegations of Paragraph 71.

72.    To the extent the allegations of Paragraph 72 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  Except as specifically admitted, Tesla denies the allegations of Paragraph 72.

73.    To the extent the allegations of Paragraph 73 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  Except as specifically admitted, Tesla denies the allegations of Paragraph 73.

74.    To the extent the allegations of Paragraph 74 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  Except as specifically admitted, Tesla denies the allegations of Paragraph 74.

**Direct Infringement**

75.     Paragraph 75 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 75, and specifically denies that it has committed any acts of infringement.

76.      Paragraph 76 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 76, and specifically denies that it has committed any acts of infringement.

77.     Paragraph 77 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 77, and specifically denies that it has committed any acts of infringement.

78.     Paragraph 78 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 78, and specifically denies that it has committed any acts of infringement.

79.     Paragraph 79 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 79, and specifically denies that it has committed any acts of infringement or that Charge Fusion is entitled to any relief  or damages.

80.     Paragraph 80 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 80, and specifically denies that it has committed any acts of infringement or that Charge Fusion is entitled to any relief or damages.

81.     Paragraph 81 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 81, and specifically denies that it has committed any acts of infringement.

82.     Paragraph 82 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 82 of the Complaint purport to characterize the contents of a document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 82, and specifically denies that it has committed any acts of infringement.

83.     Paragraph 83 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 83 of the Complaint purport to characterize the contents of a document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 83, and specifically denies that it has committed any acts of infringement.

84.     Paragraph 84 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 84 of the Complaint purport to characterize the contents of a document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 84, and specifically denies that it has committed any acts of infringement.

85.     Paragraph 85 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 85 of the Complaint purport to characterize the contents of a document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 85, and specifically denies that it has committed any acts of infringement.

86.     Paragraph 86 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 86 of the Complaint purport to characterize the contents of a document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 86, and specifically denies that it has committed any acts of infringement.

87.     Paragraph 87 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 87, and specifically denies that it has committed any acts of infringement.

88.     Paragraph 88 contains legal conclusions for which no response is required.  To the extent the allegations of Paragraph 88 of the Complaint purport to characterize the contents of a document, that document speaks for itself.  To the extent a response is required, Tesla denies the allegations of Paragraph 88, and specifically denies that it has committed any acts of infringement.

## V.     NOTICE

89.     Paragraph 89 contains legal conclusions for which no response is required.  To the extent a response is required, Tesla denies the allegations of Paragraph 89.

## VI.     JURY DEMAND

90.     Paragraph 90 contains Charge Fusion's jury demand for which no response is required.  To the extent that any allegations are included in the demand, Tesla denies these allegations.

## VII.     PRAYER FOR RELIEF

Charge Fusion's prayer for relief does not require a response.  Nonetheless, Tesla denies that it has committed any acts of infringement or that Charge Fusion is entitled to any of its relief against Tesla, including the relief listed in Paragraphs A-G of this Section.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Tesla contends and asserts the following affirmative and other defenses in response to the allegations in the Complaint related to the '488 Patent, '135 Patent, and '753 Patent (collectively, "Asserted Patents").  By asserting these defenses, Tesla, does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.  In addition to the defenses described below, and subject to the responses above, Tesla intends to conduct discovery and specifically reserves all rights to assert additional affirmative and other defenses consistent with the facts that become known through the course of discovery or otherwise.

## FIRST DEFENSE

### (Noninfringement of Each of the Asserted Patents)

Tesla has not directly infringed, indirectly infringed, contributed to, or induced infringement of any valid or enforceable claim of any of the Asserted Patents, and has not otherwise committed acts in violation of 35 U.S.C. § 271 or any other theory of infringement (*e.g.*, the judicially created doctrine of equivalents).

## SECOND DEFENSE

### (Invalidity)

On information and belief, and subject to further discovery, each of the Asserted Patents is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, 116 and/or 256 or of any other applicable statutory provisions of Title 35 of the United States Code, or the rules and regulations of the United States Patent and Trademark Office.  The Asserted Patents are invalid at least for the exemplary reasons recited in Tesla's Invalidity Contentions, and any amendments thereto, which are incorporated herein by reference.

## THIRD DEFENSE

### (Prosecution History Estoppel)

On information and belief, Charge Fusion is estopped from claiming infringement by reason of acts, admissions, and/or statements during the prosecution of one or more of the patent applications upon which the Asserted Patents was based or to which the Asserted Patents claim priority.

## FOURTH DEFENSE

### (Limitation on Damages)

Charge Fusion is barred in whole or in part from recovering damages under 35 U.S.C. §§ 286, 287, and/or 288.

## FIFTH DEFENSE

### (Not an Exceptional Case/No Fees or Costs)

Charge Fusion is not entitled to a finding that this case is exceptional or to attorneys' fees or costs under 35 U.S.C. § 285, or under any other authority or pursuant to the Court's inherent power.

## SIXTH DEFENSE

### (Estoppel, License, Waiver, Acquiescence, and/or Exhaustion)

Charge Fusion's claims of infringement against Tesla regarding the Asserted Patents are barred, and the patents are unenforceable against Tesla, due to the doctrines of estoppel, license, waiver, and/or acquiescence.

## SEVENTH DEFENSE

### (No Injunction)

On information and belief, Charge Fusion cannot show that it is entitled to an injunction against Tesla, at least because there is an adequate remedy at law for Charge Fusion's allegations, and/or Charge Fusion's claims otherwise fail to meet the requirements for injunctive relief.

**EIGHTH DEFENSE**

**(Failure to State a Claim Upon Which Relief May be Granted)**

Charge Fusion's complaint fails to state a claim upon which relief may be granted, including but not limited to because the Asserted Patents contain claims that cannot be infringed as made, used, sold, offered for sale, or imported into the United States by Tesla.

**NINTH DEFENSE**

**(Marking and Notice)**

To the extent that Charge Fusion or its agents, predecessors in interest, or licensees in, to, or under the Asserted Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or to otherwise give proper notice that Tesla's actions allegedly infringed the Asserted Patents, Tesla is not liable to Charge Fusion for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

**TENTH DEFENSE**

**(Unclean Hands)**

The claims of the Asserted Patents are unenforceable, in whole or in part, due to unclean hands.

**ELEVENTH DEFENSE**

**(Other Defenses)**

Tesla further reserves the right to amend its Answer to include other affirmative defenses or other defenses that Tesla may learn of during the course of this action, including through fact and/or expert discovery.

## COUNTERCLAIMS

1.      Counterclaim-plaintiff Tesla, Inc. ("Tesla") hereby asserts the following counterclaims against Counterclaim-defendant Charge Fusion Technologies, LLC ("Charge Fusion") as follows:

## THE PARTIES

2.      Tesla is a corporation organized and existing under the law of the State of Delaware with its principal place of business located at 1 Tesla Road, Austin, TX 78725.

3.      On information and belief, Charge Fusion is a limited liability company organized and existing under the law of the State of Connecticut with its principal place of business located at 54 Danbury Road, Suite 302, Ridgefield, Connecticut 06877.

## JURISDICTION AND VENUE

4.      Tesla restates and incorporates by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

5.      Subject to its defenses and denials, Tesla alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) with respect to claims arising under the patent laws, 35 U.S.C. § 101 *et seq.*, and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* based on an actual controversy between Charge Fusion and Tesla due to Charge Fusion's allegations of infringement against Tesla of United States Patent Nos. 9,853,488 (the "'488 Patent"), 10,819,135 (the "'135 Patent"), and 10,998,753 (the "'753 Patent") (collectively, "Asserted Patents").

6.      The Court has personal jurisdiction over Charge Fusion, which has availed itself of this judicial district by filing its Complaint against Tesla in this Court.

7.      On October 15, 2021, Charge Fusion filed its Complaint against Tesla in the Western District of Texas, Waco Division alleging infringement of the Asserted Patents. On May 11, 2022, Charge Fusion's case against Tesla was transferred to this Court.

8.      Subject to Tesla's defenses and denials, venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 for this action.

## CHARGE FUSION'S COMPLAINT AND INFRINGEMENT ALLEGATIONS AGAINST TESLA

9.      On October 15, 2021, Charge Fusion filed its Complaint against Tesla in the Western District of Texas, Waco Division alleging infringement of the Asserted Patents ("Complaint").  On May 11, 2022, Charge Fusion's case against Tesla was transferred to this Court.

10.      Charge Fusion, through its Complaint, alleges that Tesla's Model 3, Model S, Model X, Model Y and Roadster both alone and in conjunction with associated charging stations ("Accused Tesla Cars") infringes the Asserted Patents.

## COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 9,853,488

11.      Tesla restates and incorporates by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

12.      Tesla has not infringed and does not infringe, under any theory of infringement liability, any valid and enforceable claim of the '488 Patent by Charge Fusion.

13.      Tesla does not practice or meet each and every limitation of the asserted claims of the '488 Patent.  For example, Tesla at least does not make, use, sell, or offer for sale Accused Tesla Cars that include an electrical charging system, comprising: a vehicle sensor; a communication device; a processor in communication with the vehicle sensor and the communication device; and a memory in communication with the processor, the memory storing

instructions that when executed by the processor cause the processor to: (a) receive, from the vehicle sensor, information indicative of a presence of a vehicle in a parking space; (b) receive, from the communication device, information indicative of one or more charging preferences corresponding to a desired charging of the vehicle, wherein the one or more charging preferences are defined by an operator of the vehicle; (c) determine a first value of a dynamic attribute of an electric charge provider; (d) determine, based at least on the one or more charging preferences and the first value of the dynamic attribute, a charging schedule for the vehicle; (e) initiate a charging of the vehicle in accordance with the charging schedule; (f) retrieve a second value of the at least one dynamic attribute; and (g) repeat (d) and (e), utilizing the retrieved second value of the dynamic attribute as the first value of the dynamic attribute, as recited in the combination of elements in claim 1 of the '488 Patent.

14.     As a result of Charge Fusion's allegations, an actual case or controversy exists between Charge Fusion and Tesla as to whether the '488 Patent is not infringed by Tesla.

15.     Accordingly, Tesla is entitled to a declaratory judgment that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '488 Patent.

## COUNT II: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 10,819,135

16.     Tesla restates and incorporates by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

17.     Tesla has not infringed and does not infringe, under any theory of infringement liability, any valid and enforceable claim of the '135 Patent by Charge Fusion.

18.     Tesla does not practice or meet each and every limitation of the asserted claims of the '135 Patent.  For example, Tesla at least does not make, use, sell, or offer for sale Accused Tesla Cars that include a non-transitory computer readable storage medium storing instructions

that, when executed by a processor, cause the processor to: retrieve from a memory storage device one or more electric charge parameters describing one or more electric charge parameters of an electric vehicle; display via a user interface of a mobile device at least one of the one or more electric charge parameters wherein the user interface is adapted to display the one or more electric charge parameters as a vehicle charge indicator element comprising a first portion indicative of an amount of charge residing in a battery of the electric vehicle and a second portion indicative of an uncharged capacity of the battery of the electric vehicle and wherein the vehicle charge indicator element further comprises a slider by which an amount of charge may be specified; receive an amount of charge specified by the slider; commence charging of the electric vehicle in accordance with the received amount of charge; display via the user interface a visual indicia for selecting a mode of operation of the electric vehicle the selected mode of operation operating to determine and maintain an interior temperature of the electric vehicle suitable for a pet located within the electric vehicle; receive an indication of an activation of the selected mode of operation of the electric vehicle; and operate a climate control mechanism of the electric vehicle while the vehicle is in a parked state and in accordance with the selected mode of operation for a duration of time until the amount of charge residing in the battery reaches a predetermined level, as recited in the combination of elements in claim 1 of the '135 Patent.

19.     As a result of Charge Fusion's allegations, an actual case or controversy exists between Charge Fusion and Tesla as to whether the '135 Patent is not infringed by Tesla.

20.     Accordingly, Tesla is entitled to a declaratory judgment that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '135 Patent.

### COUNT III: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 10,998,753

21.     Tesla restates and incorporates by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

22.     Tesla has not infringed and does not infringe, under any theory of infringement liability, any valid and enforceable claim of the '753 Patent by Charge Fusion.

23.     Tesla does not practice or meet each and every limitation of the asserted claims of the '753 Patent.  For example, Tesla at least does not make, use, sell, or offer for sale Accused Tesla Cars that include an electrical charging system, comprising: one or more processing devices; and a non-transitory memory device in communication with the one or more processing devices, the non-transitory memory storing instructions that when executed by the one or more processing devices, result in: receiving information indicative of a starting location of an electric vehicle; receiving information indicative of a desired destination of the electric vehicle; receiving information indicative of a charging location of each of a plurality of electric charge providers; computing, based at least in part on the starting location, the desired destination, and the charging locations of one or more of the plurality of electric charge providers, a charging schedule for the electric vehicle the charging schedule comprising a scheduled start time and an indication of a scheduled stop time for charging the electric vehicle at each of one or more of the plurality of charging locations, wherein a first charging location is computed based, at least in part, on an ability of the electric vehicle to travel to the first charging location utilizing a charge amount stored in a battery of the electric vehicle; displaying a charging status of the electric vehicle via a graphical user interface forming a part of the electric vehicle; and increasing, in accordance with the charging schedule, a level of charge of the battery of the electric vehicle; wherein the desired destination information is defined by a user of the electric vehicle via the graphical user interface

adapted to display a vehicle charge indicator element comprising a first portion indicative of an amount of charge residing in a battery of the electric vehicle and a second portion indicative of an uncharged capacity of the battery of the electric vehicle and wherein the vehicle charge indicator element further comprises a slider by which an amount of charge may be specified, as recited in the combination of elements in claim 6 of the '753 Patent.

24.     As a result of Charge Fusion's allegations, an actual case or controversy exists between Charge Fusion and Tesla as to whether the '753 Patent is not infringed by Tesla.

25.     Accordingly, Tesla is entitled to a declaratory judgment that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '753 Patent.

## COUNT IV: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,853,488

26.     Tesla restates and incorporates by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

27.     The '488 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. § 101, 102, 103, 112, 116, and/or 256, and any other applicable statutory provisions of Title 35 of the United States Code, or the rules and Regulations of the United States Patent and Trademark Office.  For example, the '488 Patent is invalid at least for the exemplary reasons recited in Tesla's Invalidity Contentions, served on August 31, 2022, any amendment thereto, which are incorporated herein by reference.

28.     As a result of Charge Fusion's allegations, an actual case of controversy exists between Charge Fusion and Tesla as to the invalidity of the '488 Patent.

29.     Accordingly, Tesla is entitled to a declaratory judgment that the '488 Patent is invalid.

## COUNT V: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,819,135

30.     Tesla restates and incorporates by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

31.     The '135 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. § 101, 102, 103, 112, 116, and/or 256, and any other applicable statutory provisions of Title 35 of the United States Code, or the rules and Regulations of the United States Patent and Trademark Office.  For example, the '135 Patent is invalid at least for the exemplary reasons recited in Tesla's Invalidity Contentions, served on August 31, 2022, any amendment thereto, which are incorporated herein by reference.

32.     As a result of Charge Fusion's allegations, an actual case of controversy exists between Charge Fusion and Tesla as to the invalidity of the '135 Patent.

33.     Accordingly, Tesla is entitled to a declaratory judgment that the '135 Patent is invalid.

## COUNT VI: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,998,753

34.     Tesla restates and incorporates by reference the responses and allegations contained in the foregoing paragraphs, as if fully set forth herein.

35.     The '753 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and any other applicable statutory provisions of Title 35 of the United States Code, or the rules and Regulations of the United States Patent and Trademark Office.  For example, the '753 Patent is invalid at least for the exemplary

reasons recited in Tesla's Invalidity Contentions, served on August 31, 2022, any amendment thereto, which are incorporated herein by reference.

36.     As a result of Charge Fusion's allegations, an actual case of controversy exists between Charge Fusion and Tesla as to the invalidity of the '753 Patent.

37.     Accordingly, Tesla is entitled to a declaratory judgment that the '753 Patent is invalid.

**EXCEPTIONAL CASE**

38.     On information and belief, this is an exceptional case entitling Tesla to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Charge Fusion's assertion of the Asserted Patents against Tesla with knowledge that Tesla does not infringe any valid claim of the Asserted Patents and/or that the Asserted Patents are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Tesla prays for judgment as follows:

A.     A judgment dismissing Charge Fusion's Original Complaint against Tesla with prejudice;

B.     A declaration that Tesla has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claim of the Asserted Patents;

C.     A declaration that the Asserted Patents are invalid;

D.     A declaration that this case is exceptional and an award to Tesla of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

E.     Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Tesla demands a trial by jury on all issues so triable.

Dated:  February 3, 2023                    Respectfully Submitted,

*/s/  Nicholas H. Lee*
Michael A. Berta (admitted *pro hac vice*)
Ryan Casamiquela (admitted *pro hac vice*)
Kevin Cosgrove (admitted *pro hac vice*)
Francesco Mangini (admitted *pro hac vice*)
michael.berta@arnoldporter.com
ryan.casamiquela@arnoldporter.com
kevin.cosgrove@arnoldporter.com
francesco.mangini@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3100

Nicholas H. Lee (admitted *pro hac vice*)
Michael J. Sebba (admitted *pro hac vice*)
nicholas.lee@arnoldporter.com
michael.sebba@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Tel: 213-243-4000

Mark Samartino (admitted *pro hac vice*)
mark.samartino@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street
Suite 4200
Chicago, IL 60602-4231
Tel:  312-583-2300

Deron R. Dacus
SBN: 00790553
ddacus@dacusfirm.com
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: 903-581-2543

*ATTORNEYS FOR TESLA, INC.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system.

_/s/ Nicholas H. Lee_
Nicholas H. Lee